**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0206-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARKEICH JOHNSON,

    Defendant-Appellant.

_____

Argued October 16, 2024 – Decided October 25, 2024

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 96-07-1222.

Frank J. Pugliese, Designated Counsel, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Frank J. Pugliese, on the briefs).

Khyzar Hussain, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Stephanie Davis Elson, Assistant Prosecutor, and Khyzar Hussain, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Markeich Johnson appeals from the August 1, 2023 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing and motion to vacate an illegal sentence. We affirm.

I.

To give context to the issues presented in this appeal, we begin noting that Johnson's PCR petition and motion to vacate an illegal sentence relate to his 1996, 1997, and 2004 indictable convictions and sentences. We briefly summarize the facts and procedural history relating to these indictable convictions.

Regarding Johnson's 2004 sentence, which he is currently serving and seeks to vacate, we incorporate by reference the facts and procedural history set forth in our prior opinion State v. Johnson (Johnson I), No. A-2375-08 (App. Div. July 19, 2011) (slip op. at 1-6). After we affirmed on direct appeal defendant's 2004 convictions and sentence, the Supreme Court granted certification and summarily remanded the matter to the trial court for resentencing pursuant to State v. Pierce, 188 N.J. 155 (2006). State v. Johnson, 188 N.J. 262 (2006). At resentencing, "the trial judge imposed the same sentence." Ibid. Thereafter, Johnson filed a PCR petition regarding his 2004

conviction that the trial court denied, and we affirmed.  Johnson I, slip op. at 1-6.

A jury had found Johnson guilty on September 30, 2003 of:  first-degree robbery, N.J.S.A. 2C:15-l; first-degree kidnapping, N.J.S.A. 2C:13-l(b); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); fourth-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C: 39-4(e); and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a).  Johnson I, slip op. at 1-2. "The charges stem[med] from defendant's involvement in the robbery of a jewelry store using a cigarette lighter that looked like a gun and the confinement of one of the victims during the robbery."  Id. at 2.

Johnson was sentenced in 2004 to an aggregate extended term of fifty years with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2:43-7.2.  Ibid.  He was sentenced to a discretionary extended term as a persistent offender based on his 1996 and 1997 convictions.  N.J.S.A. 2C:44-3(a); N.J.S.A. 2C:43-7.

In 1996, Johnson pleaded guilty to third-degree unlawful possession of a weapon and the court sentenced (first conviction) him to a five-year term of imprisonment in March 1996.  While released on bail pending sentencing, Johnson was charged with new criminal offenses.  After entering a plea

A-0206-23

agreement with the State, Johnson pleaded guilty to second-degree possession of a weapon for an unlawful purpose in May 1997. The sentencing court thereafter sentenced (second conviction) Johnson to a seven-year term of imprisonment, with a three-year period of parole ineligibility, to be served concurrent to his 1996 five-year term. The court found aggravating factors three (risk of reoffending), six (prior criminal record), and nine (need for deterrence) applied. N.J.S.A. 2C:44-1(a)(3); -1(a)(6); -1(a)(9). The judge also found mitigating factor eleven (excessive hardship to defendant or his dependents). N.J.S.A. 2C:44-1(b)(11). Undisputedly, Johnson's second conviction was subject to a consecutive term of incarceration pursuant to N.J.S.A. 2C:44-5(h), but Johnson received a concurrent sentence.

On August 15, 2022, Johnson filed his first PCR petition under the second conviction. He argued ineffective assistance of counsel (IAC) by plea counsel during his 1997 plea and conviction, because his counsel told him "[d]uring plea discussions" that his 1996 and 1997 convictions "would be served concurrently and count as one single indictment." Johnson further argued he was "misled by plea counsel" into believing "both [i]ndictments would count as one single conviction and could not be used against [him] at any subsequent criminal proceeding as two prior convictions." PCR counsel submitted a supplemental

4

PCR submission dated June 1, 2023, and included Johnson's additional self-represented brief dated April 1.

PCR counsel argued Johnson's 2004 "extended term sentence" for his third conviction "should . . . be vacated." Specifically, PCR counsel posited that vacating the 2004 conviction is mandated because defendant's sentence for his second conviction, which served as a predicate extended term offense, was "illegal in violation of N.J.S.A. 2C:44-5(h)" and must also be vacated because the court failed to impose a required consecutive sentence. Further, Johnson's supplemental brief averred IAC, contending he "should have been protected by the advice of counsel not to accept a plea that was based on an illegal premise and could someday be used against him in a subsequent criminal matter to impose a virtual life sentence based on an extended term." At oral argument, PCR counsel noted "the issue . . . is not so much a PCR issue but an illegal sentence issue" but defendant's IAC claims were not withdrawn.

In the PCR court's written decision accompanying the August 1, 2023 order denying Johnson's PCR petition, it accurately noted Johnson's contention that "his sentence under [the second conviction] . . . was illegal and should not have been considered as [a] predicate offense in the . . . imposition of an extended term" for his third conviction. Further, it addressed Johnson's

A-0206-23

argument that "he should be precluded from being treated as a repeat offender, which in turn, would vacate the sentence under [the third conviction]."

The PCR court found Johnson's PCR petition was time barred under Rule 3:22-4(b) and Rule 3:22-12(a)(1) and Johnson "failed to demonstrate any excusable purpose for the delay." Notwithstanding the time bar, the PCR court denied defendant's petition on the merits under the framework established in Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) the deficiency prejudiced defendant's right to a fair trial); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

The PCR court found Johnson's contentions that plea counsel misled him in 1997, his 1997 sentence was illegal, and that his "2004 extended term sentence should be vacated without the requisite predicate offense" were unsupported. The PCR court reasoned:

> There is no transcript available of the 1997 sentencing hearing to corroborate [Johnson's] assertion as it was destroyed due to retention policy. The [j]udgment of [c]onviction confirms the concurrent sentence and "incorporates all other reasons stated on the record at the time of sentence." Therefore, the [c]ourt may have stated reasons to justify the concurrent sentence which at that time benefitted [Johnson]. [Johnson] received

6

the benefit of a concurrent sentence on matters to which he plead guilty. Accordingly, prong one of the two-prong standard has not been met, [Johnson] is unable to establish that the performance prejudiced the defense. Because [Johnson] has neither made prima facie showing that his counsel was ineffective, nor shown that facts material to this claim lie outside the record, he is not entitled to an evidentiary hearing.

On appeal, defendant raised the following points for our consideration:

POINT I

THE PCR COURT ERRED IN ITS VIEW OF [JOHNSON'S] APPLICATION. ALTHOUGH [JOHNSON'S] INITIAL PRO SE APPLICATION WAS COUCHED IN TERMS OF INEFFECTIVE ASSISTANCE OF PLEA COUNSEL, ASSIGNED PCR COUNSEL ABANDONED THAT APPROACH AND INSTEAD ARGUED THAT [JOHNSON] WAS INITIALLY THE RECIPIENT OF AN ILLEGAL SENTENCE UNDER N.J.S.A. 2C:44-5(h), WHICH IN TURN RESULTED IN [JOHNSON] BEING SUBJECTED TO AN ILLEGAL EXTENDED TERM SENTENCE UNDER N.J.S.A. 2C:44-3(a). AT THIS TIME THE ILLEGAL SENTENCES IMPOSED ON BOTH INDICTMENTS MUST BE VACATED AND THE MATTER REMANDED FOR RESENTENCING. AT RESENTENCING THE COURT MUST BE GUIDED BY THE DICTATES OF THE DOUBLE JEOPARDY CLAUSE CONTAINED IN BOTH THE 5TH AMENDMENT TO THE U.S. CONST[ITUTION] AND ART[ICLE] I, PAR[AGRAPH] 5 OF THE N.J. CONST[ITUTION].

> A. Once Counsel Was Assigned to [Johnson's] PCR, Counsel Had the Duty to Review the Entire Record and the Concomitant

7

Obligation to Elucidate the Issues Raised; Add New Issues; and/or Alter the Application in Accordance with the Relevant Law.

B. R[ule] 3:21-10b(5) Requires No Showing of Ineffective Assistance of Counsel, Nor Is It Subject to Any Time Constraints.

C. [Johnson's] Sentence Under the Second Indictment Was Illegal, Making [Johnson's] Sentence Under the Third Indictment Illegal as Well.

D. Because [Johnson] Has Completed the Sentence in Question and Because Consecutive Sentencing is Purely Punitive in Nature, Imposition of the Required Legal Sentence in Place of the Illegal Sentence at This Late Date Would Violate the Double Jeopardy Clause Contained in the Fifth Amend[ment] of the United States Const[itution] and Art[icle] I, Par[agraph] 11 of the New Jersey Const[itution].

E. Only Count Five of [the Second Indictment] May Be Reinstated for Re-Prosecution.

F. Unless and Until [Johnson's] [Indictable] Conviction Under [the Second Indictment] (96-07-1222) is Restored, He Fails to Qualify for the Imposition of an Extended Term as a Persistent Offender on [the Third Indictment]. Consequently, Until [the Second Indictment] is Resolved, [Johnson's] Extended Term Sentence Imposed on His Armed Robbery Conviction Under [the Third Indictment] (02-07-1546) is Illegal and Must Be Amended to an Ordinary Term. In That Circumstance,

> [Johnson's] Aggregate Sentence Should Be No Greater Than the Ordinary Term of 30 Years With an 85% Parole Bar Imposed on the Kidnapping Conviction Under [the Third Indictment] (02-07-1546).

In his self-represented supplemental brief, Johnson raised the following contention:

> POINT I
>
> AN ILLEGALLY LENIENT SENTENCE IS ALSO SUBJECT TO CORRECTION AT ANY TIME BY MOTION OR BY THE COURT ACTING SUA SPONTE.

## II.

In the absence of an evidentiary hearing, we review de novo the factual inferences drawn from the record by the PCR court as well as the court's legal conclusions. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). We review a PCR court's decision to deny a defendant's request for an evidentiary hearing under an abuse of discretion standard. See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020).

Pursuant to Rule 3:22-12(a)(1), a first petition for PCR must be filed no "more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction (JOC) that is being challenged unless" defendant establishes the delay in filing "was due to defendant's excusable neglect and . .

9

. there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice." R. 3:22- 12(a)(1)(A).

The five-year time limitation runs from the date of the conviction or sentencing, "whichever the defendant is challenging." State v. Milne, 178 N.J. 486, 491 (2004) (quoting State v. Goodwin, 173 N.J. 583, 594 (2002)). Although the time limitations are not absolute and may be waived to prevent a fundamental injustice, the rules must be viewed in light of their dual key purposes: "to ensure that the passage of time does not prejudice the State's retrial of a defendant" and "to respect the need for achieving finality." State v. DiFrisco, 187 N.J. 156, 166-67 (2006) (citing State v. Mitchell, 126 N.J. 565, 575-76). "[W]hen a first PCR petition is filed more than five years after the date of entry of the (JOC), the PCR [court] has an independent, non-delegable duty to question the timeliness of the petition, and to require the defendant submit competent evidence to satisfy the standards for relaxing the rule's time restriction[]." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). The Rule, however, makes it clear that this relaxation rule only applies to first PCR petitions, not to second or subsequent ones. See R. 3:22-12(b); State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018); see also R. 1:3-4(c) (prohibiting the

10

court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12).

## III.

Johnson contends the PCR court erred in viewing his PCR petition as untimely because at oral argument his PCR counsel modified the application from an application under Rule 3:22-2(c) to an illegal sentence review under Rule 3:21-10(b)(5). Pursuant to N.J.S.A. 2C:44-5(h)'s consecutive sentence presumption, Johnson argues the sentence for his second conviction must be vacated as an illegal sentence because the sentencing court ran it concurrent to his first conviction. Consequently, he contends that because the sentence for his second conviction must be vacated, his current extended term sentence as a persistent offender, under N.J.S.A. 2C:44-3(a), must also be vacated as an illegal sentence. Further, as he served the sentence for the second conviction and double jeopardy[1] prevents resentencing as a consecutive sentence, Johnson

---

[1] "The constitutional protection against double jeopardy is contained in both the Fifth Amendment to the United States Constitution and Article I, paragraph 11 of the New Jersey Constitution." State v. Schubert, 212 N.J. 295, 304 (2012). Our Supreme Court has elucidated "that increasing a sentence after the defendant has completed serving it 'is a violation of a defendant's fundamental rights under the Double Jeopardy Clauses of the United States and New Jersey Constitutions.'" Riley v. N.J. State Parole Bd., 219 N.J. 270, 289 (2014) (quoting Schubert, 212 N.J. at 313). The constitutional double jeopardy

11

argues "it is far too late to correct the [second] sentence" "to make [his] sentence legal" for resentencing on his third conviction.  These contentions lack merit.

The record demonstrates Johnson never withdrew his PCR petition and supplemental PCR submissions with IAC claims.  Therefore, the PCR court appropriately reviewed his PCR petition and analyzed his "illegal sentence" arguments.  Rule 3:22-2(c) permits a petition for PCR based on the "[i]mposition of a sentence in excess of or otherwise not in accordance with the sentence authorized by law if raised together with other" cognizable PCR grounds. Johnson raised PCR claims under the second conviction for the first time approximately twenty-five years post-sentencing.  A review of the record demonstrates the PCR court correctly found:  Johnson's PCR petition was untimely; he failed to demonstrate excusable delay; and after reviewing the merits of his IAC claims for completeness, he failed to make a prima facie showing his plea counsel erred in 1997 and prejudice resulted from that error. We note Johnson now concedes in his merits brief that his PCR petition was "grossly out-of-time."

---

protections "preclude imposing on a defendant 'multiple punishments for the same offense.'"  Schubert, 212 N.J. at 304-05 (quoting Jones v. Thomas, 491 U.S. 376, 380-81 (1989)).

"A motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized."  Rule 3:21-10(b)(5).  "We review the legality of a sentence de novo."  State v. Steingraber, 465 N.J. Super. 322, 327 (App. Div. 2020).  "[A]n illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in accordance with law.'"  State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)).  "A sentence 'not imposed in accordance with law' includes 'a disposition [not] authorized by the Code.'"  State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016) (quoting Murray, 162 N.J. at 247).  Our Supreme Court has recognized "th[e] two [discrete] categories of illegal sentences have been 'defined narrowly.'"  State v. Hyland, 238 N.J. 135, 145 (2019) (quoting Murray, 162 N.J. at 246).  We have held that a sentence "is not illegal if the sentencing judge fails to state the reasons for imposition of a sentence on the record as is required by case law, but otherwise imposes an authorized sentence."  Hyland, 238 N.J. at 145-46 (citing Acevedo, 205 N.J. at 47).  "In other words, even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law."  Id. at 146.

A-0206-23

We reject Johnson's contention that the PCR court erroneously denied his motion to vacate his illegal sentence for his second conviction, which the sentencing court imposed to run concurrent to his first conviction. It is undisputed Johnson committed the second offense after he pleaded guilty to the 1996 criminal offense and while he was awaiting sentence. N.J.S.A. 2C:44-5(h) mandates sentencing consecutive terms of imprisonment for crimes committed while a defendant is pending disposition of a previous offense unless the sentencing court makes a "find[ing] that imposition of consecutive sentences would be a serious injustice which overrides the need to deter such conduct by others." Therefore, N.J.S.A. 2C:44-5(h) permitted the sentencing court discretion to find Johnson had overcome the presumption of a consecutive sentence.

As observed by the PCR court, the transcript of the sentencing is no longer available. We note it is undisputed that at the time of the 1997 sentence Johnson was about twenty-one years of age, had only one prior conviction—the contemporaneous 1996 offense, and his plea form provided for a "maximum sentence of [seven] years imprisonment, [three] without parole eligibility, concurrent with" the 1996 sentence. "There are two categories of illegal sentences: (1) those that exceed the penalties authorized by statute for a

particular offense and (2) those that are not in accordance with the law, or stated differently, those that include a disposition that is not authorized by our criminal code." Schubert, 212 N.J. at 308. (citing Murray, 162 N.J. at 246-47). Johnson's sentence on his second conviction did not exceed the maximum penalty. As N.J.S.A. 2C:44-5(h) authorized the sentencing court to depart from imposing a consecutive sentence, and Johnson failed to establish the sentencing court did not comply with the statutory requirements, we cannot conclude the sentence was illegal.

Therefore, whether Johnson's application is viewed as a PCR petition for an excessive sentence not "authorized by law" with his IAC claims, Rule 3:22-2(c), or a motion to correct an illegal sentence, Rule 3:21-10(b)(5), he has failed to demonstrate vacating his second conviction as "illegally lenient" is warranted. Accordingly, the PCR court did not abuse its discretion by resolving the petition on the existing record and denying the petition without an evidentiary hearing.

To the extent we have not addressed defendant's remaining arguments, we determine they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-0206-23